IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| e-WATCH, INC. § | | |
|     Plaintiff § | Civil Case No.  4:13-cv-347 | |
| § | | |
| v. § | | |
| § | Jury demanded | |
| AVIGILON CORPORATION § | | |
|     Defendant § | | |
| § | | |

## COMPLAINT

**e-WATCH, INC**. files this action complaining of **AVIGILON CORPORATION** and for cause of action respectfully shows as follows:

### PARTIES

1. Plaintiff **e-WATCH, INC.** is a Nevada Corporation with its principal office in San Antonio, Texas.

2. Defendant **AVIGILON CORPORATION** is a Canadian corporation formed under the Canada Business Corporations Act.  Its principal office is located at 858 Beatty St., 4th Floor, Vancouver, British Columbia, V6B 1C1 and its registered office is located at 2900-550 Burrand St., Vancouver, British Columbia, V6C 0A3.

### SERVICE OF PROCESS

3. The United States of America and Canada are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters, generally known as the Hague Convention.  Therefore Avigilon Corporation may be served with

process in accordance with the terms of the Hague Convention treaty. Pursuant to the Convention, the defendant may be served through British Columbia's designated Central Authority, the Ministry of the Attorney General for British Columbia, Office of Order-in-Council Administration, Room 029, Parliament Buildings, Victoria, British Columbia, Canada V8V 1X4. Also pursuant to the terms of the Convention, the defendant may be served personally pursuant to Rule 4-3 of the Supreme Court Civil Rules of British Columbia by leaving a copy of the document with a chief officer of the corporation, an agent or other person in control of management of the corporation, or in any other manner provided by the Business Corporations Act or any enactment relating to the service of court documents.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because plaintiff's claims arise under federal laws relating to patents and unfair competition.

5. This Court has personal jurisdiction over the defendant because it transacts business by selling its products within the United States. For the calendar year ending December 31, 2011 the defendant had U.S. sales of approximately 31 million U.S. dollars. The United States is Avigilon's largest single source of revenue by country, accounting for approximately 50% of its total sales. In addition, on information and belief, Avigilon has previously sought the protection of United States law and the United States Court system by voluntarily asserting claims for relief in United States District Courts. Furthermore, Avigilon sells to consumers within the geographic boundaries of the Southern District of Texas, and the Court has personal jurisdiction because the defendant has committed acts of patent infringement within the

geographic boundaries of the United States and the Southern District of Texas.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(d) because the defendant is an alien. The defendant also employs sales personnel in the Southern District of Texas and thus venue is also proper under 28 U.S.C. § 1391(b) because substantial acts of infringement giving rise to plaintiff's claim occurred and continue to occur within the boundaries of the Southern District of Texas.

**FACTS**

7. e-Watch develops and markets hardware, software and services designed to centrally manage a multiplicity of safety, security and access control devices using IP protocol over a computer network, including modern professional security surveillance systems and associated cameras. For example, a corporate office campus may include access control by way of still frame pictures of individuals seeking access or full motion cameras monitoring rooms, hallways, or doors.

8. e-Watch also develops and markets digital camera systems, which, among other things, have the capability of creating high resolution still and streaming video signals from a multiplicity of image transducers, compressing the digital image signal, and sending a multiplicity of image signals over a digital network. The advantage of e-Watch's technology is, among other things, that it allows live monitoring and digital recording of high resolution, full frame rate, color images, either on site, offsite, or in distributed locations.

9. e-Watch is the owner of the following United States Patents:

| Patent No. | Title | Issue Date |
|---|---|---|
| 6,970,183 (the '183 patent) | Multimedia Surveillance and Monitoring System Including Network Configuration | Nov 29, 2005 |

| | | |
|---|---|---|
| 7,228,429 (the '429 patent) | Multimedia Network Appliances for Security and Surveillance Applications | Jun 5, 2007 |
| 7,023,913 (the '913 patent) | Digital Security Multimedia Sensor | April 4, 2006 |

The digital camera and surveillance systems marketed by e-Watch incorporate claims included these patents.

10.     Avigilon Corporation designs, manufactures and distributes surveillance systems comprising hardware, such as high-definition cameras, and associated software.  In so doing it uses and sells, or attempts to make, use or sell, or otherwise provide throughout the United States and within the geographical area covered by the United States District Court for the Southern District of Texas, products which utilize the systems, methods and apparatus in at least one claim in each of the '183, '429, and '913 Patents.  The infringing products include, but are not limited to the Avigilon Control Center Software and Avigilon H3 series products, for example, model numbers 1.0-H3-B2 and 1.0-H3-B3.

**CLAIM FOR INFRINGEMENT OF THE '183 PATENT**

11.     Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

12.     The '183 patent describes a surveillance and security system in which comprises a surveillance sensor (such as motion detector) the signal from which is converted into a network compatible signal, and another surveillance sensor connected to a server (such as a camera) wherein a server receives and logs data from the sensors.

13.     The '183 Patent is valid and enforceable.

14. The defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '183 Patent by using, selling and offering for use or sale products and services within this judicial district which incorporate e-Watch's patented technology. The defendant is offering for sale or use, or selling or using these products without license or authority from e-Watch.

15. The claims of the patent are either literally infringed or infringed under the doctrine of equivalents. These infringing acts of the defendant are committed in violation of 35 U.S.C. § 271 et seq.

16. Upon information and belief, plaintiff alleges that the acts of infringement by the defendant are willful, making this an exceptional case under 35 U.S.C. § 285.

17. Upon information and belief, plaintiff further alleges that the actions of the defendant have resulted in substantial lost profits to the plaintiff, and substantial unjust profits and enrichment to the defendant, all in amounts yet to be determined. Defendant's acts of infringement have caused irreparable harm to the plaintiff and will continue to do so unless enjoined by the Court.

**CLAIM FOR INFRINGEMENT OF THE '429 PATENT**

18. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

19. The '429 patent describes an apparatus in which motion and still image signals from video camera, and an audio signal from a microphone are prepared to be transmitted over a network. The apparatus digitizes the signals, compresses the signals so that they take up less bandwidth, and combines the signals into a single signal for transmission in a manner that they

can be disintegrated at their destination for use with a security monitoring system.

20. The '429, Patent is valid and enforceable.

21. The defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '429 Patent by using, selling and offering for use or sale products and services within this judicial district which incorporate e-Watch's patented technology. The defendant is offering for sale or use, or selling or using these products without license or authority from e-Watch.

22. The claims of the patent are either literally infringed or infringed under the doctrine of equivalents. These infringing acts of the defendant are committed in violation of 35 U.S.C. § 271.

23. Upon information and belief, plaintiff alleges that the acts of infringement by the defendant is willful, making this an exceptional case under 35 U.S.C. § 285.

24. Upon information and belief, plaintiff further alleges that the actions of the defendant have resulted in substantial lost profits to the plaintiff, and substantial unjust profits and enrichment to the defendant, all in amounts yet to be determined. defendant's act of infringement has caused irreparable harm to the plaintiff and will continue to do so unless enjoined by the Court.

### CLAIM FOR INFRINGEMENT OF THE '913 PATENT

25. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

26. The '913 Patent describes technology for a digital security multimedia sensor utilizing a digital camera system with the capability of providing high resolution still image and

streaming video signals via a network to a security and surveillance system.

27. The '913, Patent is valid and enforceable.

28. The defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '396 Patent by using, selling and offering for use or sale products and services within this judicial district which incorporate e-Watch's patented technology. The defendant is offering for sale or use, or selling or using these products without license or authority from e-Watch.

29. The claims of the patent are either literally infringed or infringed under the doctrine of equivalents. These infringing acts of the defendant are committed in violation of 35 U.S.C. § 271.

30. Upon information and belief, plaintiff alleges that the acts of infringement by the defendant is willful, making this an exceptional case under 35 U.S.C. § 285.

31. Upon information and belief, plaintiff further alleges that the actions of the defendant have resulted in substantial lost profits to the plaintiff, and substantial unjust profits and enrichment to the defendant, all in amounts yet to be determined. defendant's act of infringement has caused irreparable harm to the plaintiff and will continue to do so unless enjoined by the Court.

## DAMAGES

32. As a result of defendant's infringement, Plaintiff has suffered actual and consequential damages, however, plaintiff does not yet know the full extent of such damages and such extent cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, plaintiff seeks recovery of damages for lost profits, reasonable

royalties, unjust enrichment, and benefits received by the defendant as a result of using the misappropriated technology.  Plaintiff seeks any other damages to which it may be entitled in law or in equity.

33. Defendant's infringement was committed intentionally, knowingly, and with callous disregard of plaintiff's legitimate rights.  Plaintiff is therefore entitled to and now seeks to recover exemplary damages in an amount not less than the maximum amount permitted by law.

## ATTORNEYS FEES

34. Plaintiff is entitled to recover reasonable and necessary attorneys fees under applicable law.

## CONDITIONS PRECEDENT

35. All conditions precedent to plaintiff's right to recover as requested herein have occurred or been satisfied.

## JURY DEMAND

36. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, plaintiff e-Watch, Inc. asks that defendant Avigilon Corporation be cited to appear and answer and, on final trial, that plaintiff have judgment against defendant for the following:

    a. Actual economic damages;

    b.    Exemplary treble damages as allowed by law;

    c.    Permanent injunction;

    d.    Attorney fees;

    e.    Pre-judgment and post-judgment interest as allowed by law;

    f.    Costs of suit; and

    g.    All other relief in law or in equity to which plaintiff may show itself justly entitled.

Respectfully submitted,

_/s/ W. Shawn Staples_

W. Shawn Staples ▪ TBN 00788457
Stanley Frank & Rose
7026 Old Katy Rd., Suite 259
Houston, Texas 77024
Tel: 713-980-4381 ▪ Fax: 713-980-1179
wsstaples@stanleylaw.com
Attorney for e-Watch, Inc.