**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **e-WATCH, INC.,** | § | |
| **Plaintiff,** | § | **Civil Action No. 4:13-cv-00347** |
| **v.** | § | |
| **AVIGILON CORPORATION,** | § | |
| **Defendant.** | § | |

**DEFENDANT AVIGILON CORPORATION'S MOTION TO DISMISS PLAINTIFF e-WATCH, INC.'S SECOND AMENDED COMPLAINT, AND ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT**

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Avigilon Corporation ("Avigilon") respectfully moves the Court for an Order dismissing Plaintiff e-Watch, Inc.'s Second Amended Complaint (Dkt. 27) for failure to state a claim upon which relief can be granted because e-Watch, Inc. ("Plaintiff") has failed to state claims for contributory infringement and inducement (collectively "indirect infringement"), pre-suit damages, and willful infringement. Indirect infringement requires that Plaintiff plead intent, but Plaintiff has failed to plead facts to make its allegations plausible. Plaintiff's claims for pre-suit damages require either actual or constructive notice. Plaintiff has plead neither.

**TABLE OF CONTENTS**

I. INTRODUCTION ... 1

II. NATURE AND STAGE OF THE PROCEEDING ... 2

III. STATEMENT OF THE ISSUES TO BE RULED UPON ... 3

IV. ARGUMENT ... 3

A. A Complaint Must Plead Facts That Raise The Right To Relief Under The Plausibility Standard ... 3

B. Plaintiff Fails To State A Claim For Indirect Infringement Because It Fails To Plausibly Plead Intent ... 4

1. Conclusory Allegations Are Not Accepted As True ... 5

2. No "Factual Enhancement" Allows The Court To Infer Invidious Intent Over The "Obvious Alternative Explanation" ... 6

3. If Plaintiff's Allegations Were Sufficient, *Iqbal* Would Have Been Decided Differently ... 7

4. If Plaintiff's Allegations Were Sufficient, *Twombly* Would Have Been Decided Differently ... 8

C. Post-Complaint Facts Are Not Properly Alleged In An Amended Complaint ... 10

D. Plaintiff Cannot Recover Pre-Suit Damages Because It Did Not Mark Its Products Or Provide Notice ... 11

E. Plaintiff Fails to State A Claim For Willful Infringement Because It Fails To Plausibly Plead An Objectively High Risk Of Infringement ... 12

V. CONCLUSION AND RELIEF SOUGHT ... 13

## TABLE OF CITATIONS

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... passim

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... passim

*Burns v. Exxon Corp.*,
158 F.3d 336 (5th Cir. 1998) .......... 10

*Dean v. Ford Motor Credit Co.*,
885 F.2d 300 (5th Cir. 1989) .......... 10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004) .......... 4

*Eid v. Alaska Airlines, Inc.*,
621 F.3d 858 (9th Cir. 2010) .......... 10

*Execware, LLC v. Staples, Inc.*,
No. 11-836, 2012 WL 6138340 (D. Del. Dec. 10, 2012) .......... 12

*Gart v. Logitech, Inc.*,
254 F.3d 1334 (Fed. Cir. 2001) .......... 11

*Gines v. D.R. Horton, Inc.*,
699 F.3d 812 (5th Cir. 2012) .......... 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2011) .......... 1, 4

*Hand Held Prods., Inc. v. Amazon.com, Inc.*,
No. 12-CV-00768, 2013 WL 507149 (D. Del. Feb. 6, 2012) .......... 12

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) .......... 12

*Proxyconn Inc. v. Microsoft Corp.*,
2012 WL 1835680 (C.D. Cal. May 16, 2012) .......... 10

*Skipper v. Giant Food, Inc.*,
187 F. Supp. 2d 490 (D. Md. 2002) .......... 10

*Young-Henderson v. Spartanburg Area Mental Health Ctr.*,
945 F.2d 770 (4th Cir. 1991) .......... 10

**Statutes**

35 U.S.C. § 271(b) .......... 4

35 U.S.C. § 271(c) .......... 4

35 U.S.C. § 287(a) .......... 11, 12

**Rules**

Fed. R. Civ. P. 8 .......... 3

**MEMORANDUM OF LAW**

# I. INTRODUCTION

No one can be liable for indirect patent infringement unless, when he engaged in the accused actions, he **knew** that his actions aided and abetted direct infringement of those patents by a third party. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011). In short, Plaintiff must plead both knowledge and intent.

Faced with the prospect of a motion to dismiss its original Complaint, Plaintiff agreed to amend to remove its indirect and willful infringement allegations. (Dkt. 8.) It now files a Second Amended Complaint adding back allegations it dropped.

It is true that Avigilon now has knowledge of the patents. But the additional fact of knowledge is not enough to plausibly allege that Avigilon intends to cause third parties to infringe Plaintiff's patents. If the intent element could be pleaded so superficially, then *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), would have been decided differently. For the same reason, Plaintiff has not plausibly pleaded willful infringement.

This motion also asserts that Plaintiff's claim for pre-suit damages should be dismissed. Plaintiff alleges that it "develops and markets" digital camera and surveillance systems under the Asserted Patents. (Dkt. 27 at ¶¶ 6-7.) In such circumstances, damages begin accruing only after actual notice of alleged infringement or constructive notice under the marking statute. Plaintiff has pleaded neither actual nor constructive notice.

Accordingly, Avigilon requests that the Court dismiss Plaintiff's Second Amended Complaint because Plaintiff has failed to state claims for indirect patent infringement, pre-suit damages, and willful infringement, pursuant to Rule 12(b)(6).

## II. NATURE AND STAGE OF THE PROCEEDING

Plaintiff commenced this action on February 11, 2013. (Dkt. 1.) Plaintiff's original allegations included claims for indirect and willful infringement of "at least one claim in each of" three patents.[1] (Dkt. 1 at ¶¶ 9-10.)

On April 8, 2013, Plaintiff agreed that the parties had met and conferred on Avigilon's plan to move to dismiss Plaintiff's indirect infringement and willful infringement claims. Plaintiff stipulated to filing a First Amended Complaint removing its indirect and willful infringement allegations and to a schedule for doing so. (Dkt. 8.) The Court granted the stipulation to modify the schedule and ordered that Plaintiff file an amended complaint "removing its indirect infringement and willful infringement allegations." (Dkt. 10 at ¶ 1.)

On April 9, 2013, Plaintiff filed an Amended Complaint that removed its indirect infringement claims. (Dkt. 9.)

On July 15, 2013, Plaintiff filed a Second Amended Complaint, re-alleging the previously dropped indirect infringement claims. (Dkt. 27 at ¶¶ 45-48.) The Second Amended Complaint also asserts a willfulness allegation without calling it willfulness. (Dkt. 27 at ¶ 70.)

---

[1] Plaintiff asserts U.S. Patent Nos. 6,970,183, 7,228,429, and 7,023,913 (collectively the "Asserted Patents").

This is not a situation where Plaintiff may cure the deficiencies by simply repleading. Plaintiff has been aware since at least April of the specific requirements for pleading indirect infringement. It dropped those claims and now has made its best attempt to replead them in its Second Amended Complaint.

## III. STATEMENT OF THE ISSUES TO BE RULED UPON

(1) Whether Plaintiff has stated a claim for indirect patent infringement (induced infringement and contributory infringement).

(2) Whether Plaintiff can recover pre-suit damages.

(3) Whether Plaintiff has stated a claim for willful infringement.

Standard of Review: The standard of review for each issue is the same: Whether, as a matter of law, Plaintiff has stated a claim for relief upon which relief can be granted. The Court accepts all well-pleaded facts as true, and Plaintiff must plead sufficient facts to make its claims plausible. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

## IV. ARGUMENT

### A. A Complaint Must Plead Facts That Raise The Right To Relief Under The Plausibility Standard

To satisfy minimum pleading requirements, Plaintiff must plead "a short and plain statement of the claim showing that [it] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. When the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has failed to show that the pleader is entitled to relief under Rule 8. *Id*.

**B. Plaintiff Fails To State A Claim For Indirect Infringement Because It Fails To Plausibly Plead Intent**

Indirect patent infringement is an intentional tort.[2] It requires intent to aid and abet infringement of the patent by a third party. *Global-Tech*, 131 S. Ct. at 2067-68.

The day before Plaintiff filed its initial complaint, Avigilon was unaware of the Asserted Patents. Nowhere has Plaintiff pleaded pre-suit knowledge. Without

[2] Induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c) are together referred to as "indirect infringement" because liability arises indirectly, by the accused party having caused a third party to infringe. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).

knowledge of the patents, Avigilon could not have possessed an intent to cause someone else to infringe those patents. Avigilon's intent was to conduct lawful free-market activity. *Cf. Iqbal* 556 U.S. at 680.

Avigilon gained knowledge of the patents with notice of the lawsuit. But merely learning of Plaintiff's allegations does not imply that Avigilon's intent suddenly shifted to intentionally aiding and abetting third parties to infringe.

### 1. Conclusory Allegations Are Not Accepted As True

Plaintiff's only allegations of intent are the entirely conclusory statements such as "Avigilon has knowingly induced infringement by its customers, and possessed specific intent to encourage infringement by its customers," and "Defendant's infringement was committed intentionally, knowingly, and with callous disregard of plaintiff's legitimate rights." (Dkt. 27 at ¶¶ 48, 70.) However, naked assertions of intent are insufficient to state a claim, for the same reason that a naked assertion of conspiracy is insufficient to state a claim. *Cf. Twombly*, 550 U.S. at 557 ("[A] naked assertion of conspiracy . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief.") (emphasis added) (quotation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

Plaintiff suggests that because Avigilon's marketing materials and instruction manuals describe allegedly infringing systems, and because Avigilon sells its systems "for the sole purpose of increasing its revenues," (Dkt. 27 at ¶ 48), it knowingly and intentionally encourages others to infringe. However, the sale of products along with

instruction manuals, the marketing of those products, and the profits derived therefrom, say nothing about Avigilon's alleged intent to aid and abet third parties **to infringe** the patents.

### 2. No "Factual Enhancement" Allows The Court To Infer Invidious Intent Over The "Obvious Alternative Explanation"

What is missing (and Plaintiff is unable to plead) is any "factual enhancement" that allows the Court to infer that invidious intent is plausible rather than just conceivable. *See Iqbal*, 556 U.S. at 678-79. The plausibility pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. The mere possibility of misconduct is not enough. *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

The "obvious alternative explanation" is part of the analysis. *Id*. at 681-82. For a court to infer invidious culpable conduct instead of the "obvious alternative explanation," a further "factual enhancement" must be included in the factual allegations. *Id*. at 678, 681-82.

The "obvious alternative explanation" for Plaintiff's factual allegations is that Avigilon was engaging in lawful free-market behavior. *Cf. Iqbal*, 556 U.S. at 682. Before this suit, Avigilon was selling cameras and providing instructions on how to use them. After this suit, when it learned of Plaintiff's patents, Avigilon continued to sell cameras and provide instructions how to use them. There is nothing nefarious in those

facts. The "obvious alternative explanation" is that after the suit Avigilon was merely continuing to engage in lawful free-market behavior just as it was before the suit.

Plaintiff asserts that these facts show culpable intent. But, pre-suit, Avigilon could not have possibly had intent to infringe Plaintiff's patents because it was not aware of them. "Common sense" says that Avigilon's intent did not suddenly flip from making lawful free-market sales to an invidious intent to aid and abet infringement by third parties just because it learned of the patents. *Cf. Iqbal*, 556 U.S. at 679.

The Second Amended Complaint contains no "factual enhancement" making plausible the notion that upon learning of the patents as a result of the lawsuit, Avigilon suddenly intended to aid and abet third parties to infringe the patents. Plaintiff has failed to nudge its claims of indirect infringement across the line from conceivable to plausible. *See id*. at 680. Therefore, Plaintiff has failed to state a claim for indirect infringement.

**3. If Plaintiff's Allegations Were Sufficient, *Iqbal* Would Have Been Decided Differently**

The facts of *Iqbal* are instructive. In *Iqbal*, the complaint asserted that plaintiff Iqbal was arrested because of defendant Attorney General John Ashcroft's intent to discriminate against Arab Muslim men. *Id*. at 668-69. Iqbal pled *inter alia* that the FBI had arrested thousands of Arab Muslim men after September 11, 2001. *Id*. at 681. Taken as true, this alleged fact was consistent with the notion that Ashcroft acted with discriminatory intent. *Id*. But a factual allegation that is merely consistent with discriminatory intent was not enough in view of more likely explanations. *Id*. at 681-82. Because 19 Arab Muslim men perpetrated the September 11 attack, it would be of no

surprise that legitimate law enforcement efforts to arrest those linked to the attack would have a disparate impact on Arab Muslims. *Id*. This legitimate law enforcement effort was the "obvious alternative explanation" for the factual allegations. *Id*. In view of this more likely explanation, Iqbal's allegation was insufficient to plausibly establish discriminatory intent. *Id*. at 682 ("As between that 'obvious alternative explanation' for the arrests, and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion.") (internal citation omitted).

As is the case here, the complaint in *Iqbal* lacked the "further factual enhancement," *id.* at 678, allowing the Court to infer invidious intent in view of the "obvious alternative explanation," *id.* at 682.

Plaintiff's Second Amended Complaint does not, for example, cite to any admissions by Avigilon suggesting infringement of a valid claim, or any copying by Avigilon of a product or method patented by these patents, or any court declaration of validity of the patents. In sum, accepting as true Plaintiff's non-conclusory factual allegations, they are no better than the allegations the Supreme Court rejected in *Iqbal*. If Plaintiff's allegations are sufficient, then *Iqbal* would have been decided differently.

#### 4. If Plaintiff's Allegations Were Sufficient, *Twombly* Would Have Been Decided Differently

The facts of *Twombly* are similarly instructive. *Twombly* involved an antitrust action. 550 U.S. at 553. Plaintiff alleged parallel conduct among competing telephone and internet carriers, but parallel conduct is not in itself unlawful. *Id*. at 553-54. An agreement to conspire is required. *Id*.

According to the facts alleged, the local telephone and internet carriers were not competing by entering each other's service areas. *Id*. Twombly asserted that this parallel conduct was "strongly suggestive of conspiracy." *Id*. at 567. But there was a natural "obvious alternative explanation." *Id*. at 567. The "obvious alternative explanation" was that the carriers were merely "sitting tight, expecting their neighbors to do the same thing." *Id*.

In view of this natural explanation, the alleged facts did not provide the necessary "factual enhancement" to nudge the anti-trust claims across the line from conceivable to plausible. *Id*. at 557. The Court explained:

> A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; *without that further circumstance* pointing toward a meeting of the minds, *an account of a defendant's commercial efforts stays in neutral territory*. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, *but without some further factual enhancement* it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (emphasis added).

Thus, the *Twombly* complaint failed to state a claim because it lacked the allegation of a "further circumstance" that would allow the Court to infer nefarious conduct over the alternative explanation of innocent conduct. *Id*.

Here, there is an innocent explanation for Avigilon's conduct and an alleged nefarious explanation. Because there is no "further circumstance" that would allow the Court to infer intent to cause third parties to infringe "an amount of [Avigilon's] commercial efforts stay[] in neutral territory." *See id.* "Without some further factual

enhancement," Plaintiff's allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *See id.* If Plaintiff's allegations here are sufficient, then *Twombly* would have been decided differently.

### C. **Post-Complaint Facts Are Not Properly Alleged In An Amended Complaint**

Post-suit facts of Avigilon's knowledge are not properly stated in an amended complaint—that is the purpose of a supplemental complaint under Rule 15(d). An amended complaint dates back to the filing of the suit. Plaintiff cannot use an amended complaint to "bootstrap the knowledge Defendant[] *now* [has] based on Plaintiff's filing of the Complaint onto [D]efendant's acts *before* Plaintiff filed its complaint." *Proxyconn Inc. v. Microsoft Corp*., No. SACV 11-1681, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (emphasis in original).

"Under Fed. R. Civ. P. 15(d), a plaintiff must move the court for leave to file a supplemental pleading setting forth occurrences which happened after the date of the amended complaint." *Skipper v. Giant Food, Inc.*, 187 F. Supp. 2d 490, 494 n.2 (D. Md. 2002) (citing *Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 775 (4th Cir. 1991)); *see Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (distinguishing supplemental pleadings, which "set[] forth transactions or occurrences or events which have happened since the date of the pleading," from amended pleadings); *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989) (distinguishing the same); *cf. Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874-75 (9th Cir. 2010) (affirming

district court refusal to permit a supplemental complaint which failed to allege facts occurring since the original complaint).

Here, Plaintiff did not move under Rule 15(d) for leave to file a supplemental complaint. Nor did the Court permit filing of a supplemental complaint.[3] Rather, Plaintiff filed a Second Amended Complaint. (Dkt. 27.) Therefore, all post-complaint facts in the Second Amended Complaint are improper and should be disregarded.

### D. Plaintiff Cannot Recover Pre-Suit Damages Because It Did Not Mark Its Products Or Provide Notice

The Court should also dismiss Plaintiff's damage claims to the extent the Second Amended Complaint seeks pre-suit damages because those claims are prohibited under the statute according to the facts pleaded by Plaintiff.

Plaintiff pleads that it "develops and markets" digital camera and surveillance systems under the Asserted Patents. (Dkt. 27 at ¶¶ 6-7.) In this circumstance, the statute requires either actual or constructive notice before damages begin accruing. 35 U.S.C. § 287(a).

"When a patented article has been produced by a patentee or its licensee, the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.'" *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001)

[3] The Court's Scheduling Order permits the filing of amended pleadings before September 13, 2013 without obtaining leave, but does not address supplemental pleadings. (Dkt. 19 at p.6.)

(quoting 35 U.S.C. § 287(a)). "The statute permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice." *Id.*

However, Plaintiff does not plead that it marked these products in a manner allowed by Section 287(a). Additionally, as explained above, Plaintiff did not provide Avigilon with pre-suit notice of the Asserted Patents or of the alleged infringement, and has not pleaded that it provided any such notice. Thus, because Plaintiff has not pleaded any of the required elements to seek pre-suit damages, it has not stated a claim for pre-suit damages.

**E. Plaintiff Fails to State A Claim For Willful Infringement Because It Fails To Plausibly Plead An Objectively High Risk Of Infringement**

Plaintiff also asserts willful patent infringement, although it does not explicitly label its claim as "willful infringement." (*See* Dkt. 27 at ¶ 70 ("Defendant's infringement was committed intentionally, knowingly, and with callous disregard of plaintiff's legitimate rights. Plaintiff is therefore entitled to and now seeks to recover exemplary damages. . . .") (emphasis added)). *See, e.g.*, *Hand Held Prods., Inc. v. Amazon.com, Inc.*, No. 12-CV-00768, 2013 WL 507149, at *7 (D. Del. Feb. 6, 2012) (describing willful infringement as a cause of action); *Execware, LLC v. Staples, Inc.*, No. 11-836, 2012 WL 6138340, *5 (D. Del. Dec. 10, 2012) (same). Willful infringement requires a showing "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and "that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Just as Plaintiff's indirect

infringement claims should be dismissed because there are no factually plausible allegations of intent, Plaintiff's claim of willful infringement should be dismissed because there are no allegations that Avigilon acted despite a high risk of infringement.

## V. CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, the Court should dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted.

Dated: August 1, 2013

Respectfully submitted,

*s/Stephen J. Joncus*

Stephen J. Joncus
Texas Bar No. 00794037
stephen.joncus@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

**ATTORNEY FOR DEFENDANT AVIGILON CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.3 on August 1, 2013.

*s/Stephen J. Joncus*
Stephen J. Joncus