IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| e-WATCH, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:13-cv-00347 |
| | § | |
| v. | § | |
| | § | ORAL ARGUMENT REQUESTED |
| AVIGILON CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT AVIGILON CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF e-WATCH, INC.'S SECOND AMENDED COMPLAINT**

**I.    INTRODUCTION**

Indirect patent infringement is an intentional tort. In contrast, direct patent infringement is a strict liability tort. There is a significant difference between the mens rea required for an intentional tort and a strict liability tort. Avigilon moved to dismiss Plaintiff's Second Amended Complaint because Plaintiff pleads no facts showing Avigilon possessed the mens rea required for the intentional tort of indirect patent infringement.

Plaintiff's opposition does not point to any fact—not a single fact—that allows the Court to infer invidious culpable conduct instead of the obvious alternative explanation for Avigilon's alleged activities. Of course Avigilon provides instructions to its customers on how to use its products. Of course Avigilon encourages its customers to buy more Avigilon products. That is what every business does. Significantly, these facts

1

say nothing about Avigilon's alleged intent to cause its customers to infringe Plaintiff's patents.

Before Plaintiff filed this suit, Avigilon knew nothing of its patents. Before the suit, Avigilon could not have possibly intended its customers to infringe patents it had no knowledge of. As with all businesses, Avigilon's intent was to engage in free market activity. Avigilon's intent did not suddenly shift when it learned of Plaintiff's patents after this suit was filed. Plaintiff has not pointed to any fact that would allow the Court to infer such a shift in intent.

The Court should dismiss the Second Amended Complaint.

## II.   ARGUMENT

### A.   Plaintiff Misstates Its Burden In Pleading A Cause Of Action

Plaintiff argues that its complaint need only set forth sufficient factual detail to provide Avigilon with fair notice of its claims. This understates Plaintiff's burden. Under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiff must further plead sufficient facts to make its claims plausible, and not rely on facts that are "merely consistent" with its claims. *Iqbal*, 556 U.S. at 678. Plausibility means that there must be some "factual enhancement" that allows the Court to infer that Avigilon intended to cause patent infringement, instead of the "obvious alternative explanation" that Avigilon was engaging in lawful free market behavior. *Id.* at 678, 682.

### B. Plaintiff Fails To State A Claim For Indirect Infringement Because It Fails To Plausibly Plead Intent

#### 1. The Alleged Facts Do Not Make Intent Plausible

In its opposition, Plaintiff identifies three sets of facts that purportedly make plausible its allegations that Avigilon had knowledge of the Asserted Patents and intent to cause others to infringe:

1. That certain "preferred partners," for whom Avigilon provides consultation services and installation expertise, use Avigilon systems and products in infringing security systems (Dkt. 34 at p.3);

2. That seven end users of Avigilon products infringe, and that Avigilon has worked with those end users (Dkt. 34 at p.4); and

3. That Avigilon marketing materials "depict[] an infringing system" in a diagram (Dkt. 27 at ¶¶ 46-48; Dkt. 34 at p.4).

These allegations allege nothing more than normal business activity. There is nothing in these allegations that shows intent. Mere knowledge of a patent is not the same as intent to cause infringement. Mere knowledge of a patent is a different mens rea than intent to cause infringement of a patent.

Plaintiff's third fact alleges that Avigilon marketing materials "depict[] an infringing system" in a diagram. This is a legal conclusion that is entitled to no weight, because the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted). Even so, an allegation that an Avigilon marketing diagram depicts an infringing system says nothing about whether

Avigilon, in creating that diagram, **intended** to induce customers to infringe. If an alleged marketing depiction of a product could sustain an indirect infringement claim, then so too could an allegation that a defendant simply sold an infringing product, on the theory that the sale of an infringing product (just like the distribution of marketing material) showed an intent to cause purchasers to infringe by using the product purchased (or using the product depicted). But this would collapse the distinction between direct infringement, a strict liability tort, and indirect infringement, an intentional tort, *see Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1347 (Fed. Cir. 2012), and wipe out the Supreme Court's requirement of knowledge and intent, *see Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Plaintiff has not even pleaded whether this diagram was produced pre-filing—the diagram was not included in Plaintiff's original or First Amended Complaints (Dkt. 1, 9)—and so has not pleaded if the diagram can sustain a claim for indirect infringement.

Plaintiff's alleged facts say nothing about Avigilon's intent to cause others to infringe, especially in light of the obvious alternative explanation that Avigilon markets its products and instructs its users because that is its business—to sell products. The nefarious intent to aid and abet infringement cannot plausibly be inferred merely from allegations that a company markets its products and instructs its users on how to use them. Otherwise, every company could be accused of intentionally causing infringement based on nothing more than knowledge of a patent. The Court should dismiss Plaintiff's indirect infringement claims because it has pleaded neither knowledge nor intent.

### 2. *In Re Bill Of Lading* Is Distinguishable

Plaintiff relies heavily on *In re Bill of Lading and Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012). It is distinguishable. In that case, the patentee filed "detailed factual allegations" more than 100 pages in length. *Id.* at 1330. It included a series of "reasonable inferences" based on those factual allegations. *Id.* at 1340. Plaintiff's allegations are not comparable to the allegations made in *In re Bill of Lading*.

The accused infringers in *In re Bill of Lading* made a different argument—they argued that there was insufficient pleading of a direct infringer. The Federal Circuit rejected that argument and Avigilon does not make it here.

Concerning indirect infringement, the court found that the intent alleged in that case was plausible. Not so in this case. The inferences Plaintiff asks the Court to draw must be "plausible." *In re Bill of Lading*, 681 F.3d at 1340; *see Iqbal*, 556 U.S. at 682 ("As between that 'obvious alternative explanation' for the arrests, and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion." (citation omitted)). It is not a plausible or reasonable inference that Avigilon, upon receiving service of Plaintiff's original complaint, suddenly acquired the nefarious intent to cause infringement, when immediately beforehand it lacked any knowledge of the Asserted Patents or alleged infringement. Plaintiff identifies no fact that would allow the Court to infer such a shift in mens rea. Faced with these implausible and unreasonable inferences, only the obvious alternative explanation may be inferred—

that Avigilon sold, marketed, and instructed its users on its products to continue the free market activity of conducting its business.

### C. Plaintiff May Not Rely On Post-Suit Facts To Sustain Its Allegations Of Knowledge

Plaintiff does not contest that Avigilon lacked any pre-suit knowledge of the Asserted Patents or alleged infringement. Plaintiff pleads only that Avigilon became aware of the Asserted Patents "and the allegations of infringement no later than February 15, 2013," the date it served Avigilon with its original complaint. (Dkt. 27 at ¶ 12.) As Avigilon explained in its motion to dismiss, as supplemental complaint is the proper mechanism to allege post-complaint facts. (Dkt. 30 at pp.10-11). Pleading of post-complaint facts in an amended complaint is improper—that is the purpose of a supplemental complaint.

There is a split of authority in District Courts, but *In re Bill of Lading* does not endorse Plaintiff's view. Plaintiff argues that *In re Bill of Lading* allows a plaintiff to rely on allegations of post-suit facts in an amended complaint to sustain its causes of action (Dkt. 34 at p.9), but *In re Bill of Lading* nowhere so holds. Although the court there noted that the patentee had alleged that the defendants became aware of the patent at the latest upon service of the complaints, *see* 681 F.3d at 1342-45, the court did not state that the defendants had argued that the patentee could not rely on post-filing knowledge, and the court nowhere discussed that issue. *In re Bill of Lading* does not contradict the provisions of Rule 15 that provide "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event

that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The rule applied in *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012), is more consistent with the purpose of Rule 15(d). The Court should follow *Proxyconn*.

### D. Because Plaintiff Provided Avigilon With No Notice, Plaintiff Cannot Recover Pre-Suit Damages

Plaintiff does not deny that it makes and sells products covered by the Asserted Patents. Plaintiff does not deny that its products are not marked with its patent numbers. Plaintiff does not deny that it provided no pre-suit notice of its infringement allegations to Avigilon. Plaintiff does not deny that it seeks pre-suit damages. These circumstances are plain from Plaintiff's Second Amended Complaint and undisputed.

Nor does Plaintiff dispute how the law applies under these undisputed circumstances. The patent statute bars a plaintiff from recovering any pre-suit damages given this lack of marking or notice. 35 U.S.C. § 287(a); *see Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) (explaining statutory bar on pre-suit damages absent marking or notice).

Plaintiff cites no authority for its argument that "[r]ecovery of pre-suit damages is not a 'claim,' and therefore is not addressable via a 12(b)(6) motion to dismiss . . . ." (Dkt. 34 at p.10). Plaintiff misreads Rule 12(b)(6). The Rule permits early assertion of the defense "failure to state a claim **upon which relief can be granted**." Fed. R. Civ. P. 12(b)(6) (emphasis added). Plaintiff certainly asserts the claim of patent infringement. But relief **cannot** be granted for any alleged pre-suit patent infringement because Plaintiff

7

failed to provide the required constructive or actual notice under 35 U.S.C. § 287(a). Thus, Plaintiff should be barred from seeking pre-suit damages.

Plaintiff's argument is directly contrary to *Lans v. Digital Equipment Corp.*, in which the Federal Circuit affirmed that where a patentee has failed to comply with § 287(a), it has not stated a claim on which relief may be granted, and is subject to a motion to dismiss.  252 F.3d 1320, 1328 (Fed. Cir. 2001) ("Because Uniboard's licensees did not mark their products and because Uniboard did not inform the Computer Companies of infringement . . . , § 287(a) prevents Uniboard from collecting damages . . . Thus, the district court correctly ruled that Uniboard has not stated a claim on which relief may be granted."); *see also Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI), Ltd.*, 153 F App'x 703, 711 (Fed. Cir. 2005) ("[W]e hold that the notice issue disposes of Wing Shing's claim for pre-suit damages . . . .").

### E.  Plaintiff Fails To State A Claim For Willful Infringement Because It Does Not Plead An Objectively High Risk Of Infringement

A claim of willful infringement requires a showing "that the infringer acted despite an objectively high likelihood that its actions constituted infringement," and "that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Plaintiff has not pleaded that Avigilon acted despite "objectively high risk" that was "known or so obvious that it should have been known," nor pleaded any facts to much such a claim plausible.  In its opposition, Plaintiff refers to the "Post Complaint Facts Properly Alleged" section of its memorandum (Dkt. 34 at p.11), but that section

concerns only the procedural propriety of pleading post-filing claims, and identifies no allegations of objectively high risk or knowledge.  Plaintiff has not identified any allegations in its complaint that would support a claim of willful infringement.  Plaintiff's willful infringement claims should be dismissed because there are no allegations of an objectively high risk or of knowledge.

### F. Because Further Amendment Would Be Futile, Plaintiff Should Not Be Given Leave To Amend

When a plaintiff cannot state a claim for relief, and further amendment would be futile, leave should not be given to amend.  *See U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (affirming dismissal of second amended complaint without leave, because "a third chance to amend would prove to be futile").  Plaintiff has been unable to allege pre-suit knowledge and notice, and unable to allege any facts supporting its conclusory claims of intent to cause infringement.  Another bite at the apple would be futile.  The Court should dismiss Plaintiff's claims for indirect infringement, pre-suit damages, and willful infringement, without leave to amend.

### III. CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, the Court should dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, without leave to amend.


Dated:  September 9, 2013            Respectfully submitted,

                                     s/ Stephen J. Joncus
                                     Stephen J. Joncus
                                     Texas Bar No. 00794037

stephen.joncus@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR  97204
Telephone:  (503) 595-5300
Fax:  (503) 595-5301

**ATTORNEY FOR AVIGILON CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.3 on September 9, 2013.

s/ Stephen J. Joncus  
Stephen J. Joncus