IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| e-WATCH INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-0347 |
| § | | |
| AVIGILON CORPORATION, § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This patent case is before the Court on the Motion to Dismiss [Doc. # 30] filed by Defendant Avigilon Corporation ("Avigilon"), to which Plaintiff e-Watch, Inc. ("e-Watch") filed a Response [Doc. # 34], and Avigilon filed a Reply [Doc. # 35]. Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion to Dismiss the indirect infringement and willful infringement claims, and **grants** the Motion to Dismiss the claim for pre-suit damages.

## **I.    BACKGROUND**

E-Watch develops and markets security surveillance systems and associated cameras. In connection with that business, e-Watch owns three United States Patents, specifically United States Patent No. 6,970,183 ("the '183 Patent"), No. 7,228,429 ("the '429 Patent"), and No. 7,023,913 ("the '913 Patent"). The '183 Patent describes

a system, the '429 Patent describes an apparatus, and the '913 Patent describes technology for a digital security multimedia sensor.

Avigilon also markets surveillance systems. On February 11, 2013, e-Watch sued Avigilon for direct patent infringement, indirect patent infringement, and willful patent infringement. Plaintiff later filed a First Amended Complaint in which it deleted the claim for indirect infringement. On July 15, 2013, Plaintiff filed a Second Amended Complaint [Doc. # 27], reasserting a claim for indirect patent infringement.[1]

Avigilon filed a Motion to Dismiss, seeking dismissal of the indirect infringement and willful infringement claims, and the claim for pre-suit damages. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the

---

[1] Defendant argues that post-suit conduct must be set forth in a "supplemental pleading" rather than an amended complaint, noting a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). To the extent that Plaintiff's Second Amended Complaint is more properly treated as a "supplemental pleading" under Rule 15(d), the Court grants leave to file it as a supplemental pleading.

plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Court is not permitted "to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible." *Id.* at 1340. When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

#### A. Indirect Infringement Claim

E-Watch asserts that Avigilon indirectly infringed its patents, *inter alia*, by inducing its customers to infringe. "Whoever actively induces infringement of a

patent shall be liable as an infringer." 35 U.S.C. § 271(b). "Liability under § 271(b) 'requires knowledge that the induced acts constitute patent infringement.'" *In re Bill of Lading*, 681 F.3d at 1339 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, ___ U.S. ___, 131 S. Ct. 2060, 2068 (2011); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). E-Watch must allege facts plausibly showing that Avigilon specifically intended its customers to infringe e-Watch's patents and knew that Avigilon's customers' conduct constituted infringement. *Id.* "This does not mean, however, that [e-Watch] must prove its case at the pleading stage." *Id.*

In this case, Plaintiff alleges that, after receiving notice of its patents and the alleged infringement, Avigilon continued to sell "products which can only be used to create infringing systems." *See* Second Amended Complaint, ¶ 45. Plaintiff alleges that Avigilon gave its customers specific detailed instructions, including diagrams that depicted an infringing system, that encourage the use of Avigilon products to create infringing systems. *See id.*, ¶¶ 46-47. Plaintiff alleges specifically that "Avigilon sales people demonstrate to customers how they can create infringing systems using Avigilon products." *Id.*, ¶ 48. The allegations in the Second Amended Complaint give Avigilon fair notice of e-Watch's indirect infringement claim and the facts on which it is based. As a result, dismissal is inappropriate. *See In re Bill of Lading*, 681 F.3d at 1342.

### B. <u>Willful Infringement Claim</u>

Avigilon argues that e-Watch has failed to allege an adequate factual basis for its willful infringement claim. To assert a claim of willful infringement, the patent holder must allege facts indicating "(1) that the accused infringer 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent'; and (2) that this objectively defined risk was either known or so obvious that the accused infringer should have known about it." *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012) (quoting *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*)).

E-Watch alleges that it provided Avigilon with actual notice of the patents and the alleged infringement on February 15, 2013. E-Watch alleges that Avigilon "has continued its infringing activities . . . with no abatement." *See* Second Amended Complaint, ¶ 12. Indeed, Plaintiff alleges that Avigilon "with actual knowledge of the patents and the allegations of infringement, . . . poised itself to increase its infringing activities" by acquiring another access control security company. *Id.*, ¶ 13. These allegations give Avigilon adequate notice of the factual basis for the willful infringement claim and, therefore, satisfy e-Watch's burden at this pleading stage. The Court denies Avigilon's Motion to Dismiss the willful infringement claim.

### C. <u>Claim for Pre-Suit Damages</u>

A patent holder is required to provide either actual or constructive notice before damages begin to accrue. *See* 35 U.S.C. § 287(a); *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). Avigilon argues that e-Watch did not mark its products with the patent number for purposes of constructive notice, and did not give actual notice until it served the summons and complaint on Avigilon on February 15, 2013. As a result, Avigilon argues that e-Watch is not entitled to damages for conduct prior to that date.

E-Watch does not contest that it did not provide notice to Avigilon prior to February 15, 2013. Instead, e-Watch argues that a request for pre-suit damages is not a "claim" and, therefore, cannot be the subject of a motion to dismiss. The Federal Circuit, however, specifically allows addressing the § 287(a) issue through a motion to dismiss. *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). Defendant's Motion to Dismiss e-Watch's claim for damages prior to February 15, 2013, is **granted**.

### IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court concludes that Plaintiff has adequately pled a factual basis for its indirect infringement and willful infringement claims. Having

failed to provide notice to Avigilon prior to filing and serving the Complaint in this case, Plaintiff is not entitled to recover pre-suit damages. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 30] is **GRANTED** as to the claim for pre-suit damages and **DENIED** as to the indirect infringement and willful infringement claims. All deadlines remain in effect.

SIGNED at Houston, Texas, this **16th** day of **September, 2013.**

_____
Nancy F. Atlas
United States District Judge