IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| e-WATCH INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0347 |
| | § | |
| AVIGILON CORPORATION, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

The patents at issue in this case are the subject of *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO"). By Memorandum and Order [Doc. # 56] entered November 15, 2013, the Court granted the Motion to Stay Litigation Pending Inter Partes Review of the Patents-in-Suit filed by Defendant Avigilon Corporation ("Avigilon"). The Court deferred ruling on the extent to which Avigilon will be estopped based on the IPR proceedings.

The parties, through counsel, appeared before the Court on December 12, 2013, to present oral argument on the estoppel issue. Having considered the record, the applicable legal authorities, and the arguments presented by counsel, the Court concludes that Plaintiff e-Watch Inc. ("e-Watch") will not be unduly prejudiced or

disadvantaged by the stay of this lawsuit if Avigilon agrees to be estopped to the extent set forth below.

## I.     BACKGROUND

Plaintiff e-Watch develops and markets security surveillance systems. Plaintiff is the owner of United States Patents No. 6,970,183 ("the '183 Patent"), No. 7,228,429 ("the '429 Patent"), and No. 7,023,913 ("the '913 Patent"). Plaintiff filed this lawsuit on February 11, 2013, alleging that Avigilon's surveillance systems infringe all three patents.[1] Avigilon argues that the patents-in-suit are invalid.

Earlier, e-Watch filed a patent infringement lawsuit in the Western District of Texas against Mobotix Corporation ("Mobotix"), alleging infringement of the patents at issue in this case. That suit is stayed and administratively closed pending *inter partes* review. *See e-Watch, Inc. v. Mobotix Corp.*, No. 5:12-cv-0492 (W.D. Tex.), [Doc. # 28 in that case].

The Leahy-Smith America Invests Act ("AIA"), effective September 16, 2012, provides for *inter partes* review of existing patents. *See* 35 U.S.C. § 311.  The validity of a patent may be challenged for anticipation or obviousness "on the basis of prior art consisting of patents or printed publications." *See id.* Petitions for *inter*

---

[1] Plaintiff has withdrawn its infringement claims based on the '439 Patent and, therefore, it is no longer a patent-in-suit. The '439 Patent is, however, before the PTAB for *inter parties* review.

*partes* review are granted only if there is "a reasonable likelihood that the requester would prevail with respect to at least 1 of the claims challenged in the petition." *See* 35 U.S.C. § 314.  Mobotix filed petitions seeking *inter partes* review by the PTAB. Mobotix's petition as to the '183 Patent was granted by the PTAB on October 25, 2013, and its petition as to the '913 Patent was granted on November 13, 2013.

Avigilon requested a stay of this lawsuit pending conclusion of the Mobotix IPR proceedings.  It is uncontroverted that the Court has authority to grant the stay. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008) (citing 35 U.S.C. § 318).  In determining whether to grant a stay, the Court considers three important factors: "(1) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether the litigation is at an early stage." *E-Watch, Inc. v. Lorex Canada, Inc.*, 2013 WL 5425298, *1 (S.D. Tex. Sept. 26, 2013) (Miller, J.).  In a prior Memorandum and Order, this Court found that the lawsuit was still at an early stage and that a stay pending a decision by the PTAB in the Mobotix IPRs would likely simplify the invalidity issues asserted by Avigilon.

On the prejudice prong of the stay analysis, Plaintiff argued that it will suffer undue prejudice because a stay would delay its ability to protect its intellectual property rights.  Plaintiff argued further that it will be unduly prejudiced if Avigilon

is not estopped to the full extent imposed on IPR petitioners. Avigilon argued that the estoppel should be more limited. The Court agreed that e-Watch would be adequately protected from undue prejudice if Avigilon were estopped to some extent based on the PTAB's final decision in the Mobotix IPRs. The Court now addresses the appropriate scope of the estoppel.

## II.  **ANALYSIS**

Plaintiff argues that Defendant should be estopped to the full extent that an IPR petitioner is estopped. For parties who file a petition for *inter partes* review that results in a final written decision under section 318(a), the petitioner "may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). A "final written decision" for purposes of the statutory estoppel is "a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)."[2] *See* 35 U.S.C. § 318(a). Avigilon has not filed its own IPR petition[3] and, consequently, the statutory

---

[2]During the IPR process, the patent owner may file a motion to amend the patent to cancel any challenged patent claim or to propose a reasonable number of substitute claims. *See* 35 U.S.C. § 316(d).

[3]There are valid reasons for an alleged infringer not to file its own IPR petition addressing a patent already before the PTAB for *inter partes* review. Avigilon's counsel explained during the hearing that it is expensive to pursue *inter partes* review. The filing fee
(continued...)

estoppel does not apply to it. The scope of the statutory estoppel is, however, instructive.

The Court concludes that Avigilon should not be estopped to the full extent set forth in § 315(e)(2). Avigilon, unlike IPR Petitioner Mobotix, is unable to control the arguments presented to the PTAB, and is not privy to information on which Mobotix bases its arguments. Moreover, should Mobotix decide to settle its dispute with e-Watch or otherwise withdraw its IPR challenge to the '183 Patent and/or the '913 Patent, Avigilon would have no ability to pursue before the PTAB any potentially successful invalidity arguments that Mobotix chooses to abandon.

The Court concludes that a stipulation by Avigilon for estoppel precluding its assertion of any invalidity arguments based on prior art publication(s) on which the PTAB bases its Final Written Decision will adequately protect e-Watch from being unduly prejudiced by the stay of this lawsuit. *See e-Watch, Inc. v. Lorex Canada, Inc.*,

---

³(...continued)
for the IPR petition is $25,000.00. Additionally, the petitioner incurs very substantial attorneys' fees for the petition, discovery, trial before the PTAB, and all associated briefing.

Moreover, the PTAB appears to discourage multiple IPR petitions directed toward the same patent because successive petitions would be duplicative, could complicate the invalidity issues, and could delay the IPR process for the first-filed IPR petition. *See, e.g., NetApp, Inc. v. PersonalWeb Technologies, LLC*, Case IPR2013-00319 [Doc. # 52-5]; *see also Motorola Mobility LLC v. Softview LLC*, Case IPR2013-00257 [Doc. # 52-4] (allowing joinder of later IPR petition where it would not unduly complicate or delay the process as to the first filed petition).

2013 WL 5425298 (S.D. Tex. Sept. 26, 2013); *In re Bear Creek Techs. Inc.*, 2013 WL 3789471 (D. Del. July 17, 2013). This assumes that the PTAB's Final Written Decision is the result of an adversarial process, and that it is not the result of an *ex parte* proceeding should Mobotix settle or otherwise withdraw from either of the IPR proceedings involving these two patents. Should Mobotix settle or otherwise decline to participate in the IPR proceedings, Avigilon would no longer be estopped by the PTAB's Final Written Decision.

The Court recognizes that the stay has a negative impact on Plaintiff's ability to prosecute this lawsuit expeditiously. The Court recognizes also that its ruling has the effect of allowing Avigilon to obtain a stay of the lawsuit, avoid the expense of the IPR process, and obtain a more limited estoppel than imposed on an IPR petitioner. The Court finds, however, that the stay in this case advances important policies, regardless of the effect of the Court's ruling on the parties. The Court finds that it is advantageous for the IPR issues to be addressed first by the PTAB and based on its expertise. It is similarly advantageous to have the invalidity issues addressed by the PTAB in one proceeding rather than by district courts in multiple proceedings in different jurisdictions. This both conserves judicial resources and avoids inconsistent rulings by different courts. As a result, the Court concludes that, with the application

of estoppel as described herein, the delay to Plaintiff's rights to assert its intellectual property rights resulting from the stay is not undue prejudice.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Avigilon should not be estopped to the full extent imposed on IPR petitioners pursuant to 35 U.S.C. § 315(e)(2), and that a more limited estoppel adequately protects e-Watch from undue prejudice from the stay of this lawsuit. Accordingly, it is hereby

**ORDERED** that this case will remain stayed and administratively closed if Avigilon agrees in a written Stipulation to be filed in the record of this case by **December 26, 2013**, to be estopped to assert in this lawsuit that either the '183 Patent or the '913 Patent is invalid based on any prior art publication(s) on which the PTAB bases its Final Written Decision, assuming the Final Written Decision is the result of an adversarial process and not the result of an *ex parte* proceeding should Mobotix settle or otherwise withdraw from either of the IPR proceedings involving these two patents.

SIGNED at Houston, Texas, this 17th day of **December, 2013.**

_____
Nancy F. Atlas
United States District Judge